DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a judgment of the Sandusky County Court, District No. 1, that denied appellant's motion to seal the record of her conviction of domestic violence. For the following reasons, the judgment of the trial court is affirmed.
 {¶ 2} On February 11, 2003, appellant's daughter filed a complaint charging appellant with domestic violence in violation of R.C. 2919.25(A), a first-degree misdemeanor. On May 15, 2003, appellant entered a plea of no contest to the charge and was found guilty and sentenced by the court. The judgment entry filed by the court does not indicate that the original charge was amended in any manner. The record reflects that at the time of her plea another charge of domestic violence was dismissed.
 {¶ 3} On February 1, 2006, appellant filed a motion to seal her record of conviction. The state filed an objection, asserting correctly that pursuant to R.C. 2953.36(C), a first-degree misdemeanor offense of violence is barred from expungement. On March 2, 2006, appellant filed a brief in support of her motion. Appellant argued that she was not convicted of a violation of R.C. 2919.25(A) because the trial court's journal entry indicates the charge as R.C. 2919.25.
 {¶ 4} On March 16, 2006, the trial court denied appellant's motion. This timely appeal follows.
 {¶ 5} In her first assignment of error, appellant again argues that she was not convicted of violating R.C. 2919.25(A) because subsection (A) is not specified on the journal entry. By way of introduction to the law and argument in appellant's brief, appellate counsel expresses concern that this court might consider the appeal "a lot of hokum." This court has thoroughly reviewed the trial court record and relevant law and, while we do not consider the instant appeal to be "hokum," we do find it wholly without merit.
 {¶ 6} R.C. 2919.25 contains three subsections. Violations of subsections (A) and (B) are first-degree misdemeanors, while a violation of subsection (C) is a fourth-degree misdemeanor. The record reflects that appellant was charged with violating R.C.2919.25(A) in case no. 03 CRB 45. She entered a plea and was found guilty. The journal entry of conviction in case no. 03 CRB 45 does not reflect that the original charge was amended.
 {¶ 7} Based on our review of the record, this court finds that appellant was convicted of violating R.C. 2919.25(A), an "offense of violence" as defined in R.C. 2901.01(A)(9) and a misdemeanor of the first degree. The provisions for sealing a record of conviction are set forth in R.C. 2953.31 through2953.36. As set forth in R.C. 2953.36:
 {¶ 8} "Sections 2953.31 to 2953.35 of the Revised Code do not apply to any of the following:
 {¶ 9} "* * *
 {¶ 10} "(C) convictions of an offense of violence when the offense is a misdemeanor of the first degree * * *."
 {¶ 11} The trial court did not err by denying appellant's motion to have her conviction sealed and, accordingly, her first assignment of error is not well-taken.
 {¶ 12} In her second assignment of error, appellant asserts the trial court erred by considering her no contest plea when it denied the motion to seal her conviction. This argument is without merit. First, the trial court based its denial on appellant's conviction, not on her plea. In fact, the judgment entry denying appellant's motion does not mention that she entered a plea of no contest to the domestic violence charge. Further, appellant's brief does not contain any argument with respect to her second assignment of error as required by App.R. 16(A)(7). Accordingly, appellant's second assignment of error is not well-taken.
 {¶ 13} On consideration whereof, this court finds that appellant was not prejudiced and the judgment of the Sandusky County Court, District No. 1, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Sandusky County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Singer, P.J., Skow, J., Parish, J., concur.